UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE JOSEPH YOUNG,<br>　　　　　Plaintiff,<br>　　v.<br>ALAN SIRACO, et al.,<br>　　　　　Defendants. | Case No. 22-cv-05418 EJD (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR STAY**<br><br>(Docket No. 11) |

　　　　Plaintiff, a state prisoner at the Corcoran State Prison, filed the instant pro se civil rights action under 42 U.S.C. § 1983 against Attorney Alan Siraco, Assistant Director J. Bradley O'Connell of the First [District] Appellate Project, and Justice P. J. Humes of the First District Court of Appeal. Dkt. No. 1 at 2. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

## DISCUSSION

**A.　Standard of Review**

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that his right to equal protection under the Fourteenth Amendment was violated.  Dkt. No. 1 at 3.  Plaintiff claims that Defendants Siraco, Bradley, and Justice Humes are denying him his right to discovery, to control his appeal, and effective representation, and are also "misinforming" him.  Id.  Plaintiff asserts that Defendant Siraco is being ineffective by refusing to raise an issue on appeal.  Id.   Plaintiff claims Defendants are trying to suppress and cover up outrageous misconduct to "vindictively convict Plaintiff of murder and life without parole sentence."  Id.  Plaintiff claims Defendants are preventing him from presenting evidence of outrageous misconduct "to compel appeal courts to reverse and release Defendant with counsel of choice, the Innocence Project."  Id.  Plaintiff seeks a copy of his case file, for counsel to withdraw and be replaced by the Innocence Project, an investigation into the misconduct, and damages. Id. at 6.  Subsequently, Plaintiff filed a motion for stay of his state appeal "to prevent colluding appointed counsel from further sabotaging [his] appeal while the court review complaint."  Dkt. No. 11.

Plaintiff is clearly attempting to challenge the constitutionality of his continued incarceration and is unsatisfied with how his appeal is proceeding.  It appears that he is unsatisfied with his court-appointed counsel, Defendat Siraco.  The fact that Petitioner also names Defendant. O'Connell of the First District Appellate Project indicates that Mr.

2

Siraco may have been empaneled by that organization. Lastly, it appears that Justice Humes is presiding over Plaintiff's direct appeal. However, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43–54 (1971). Younger abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is appropriate here because all the Younger elements are present. As to the first Younger element, it appears that Plaintiff's state court proceedings are ongoing since he clearly indicates that his direct appeal is pending. As to the second Younger element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal trial proceedings, is an important issue of state interest. See Preiser v. Rodriguez, 411 U.S. 475, 491–92 (1973) (quoting Younger, 401 U.S. at 44). As to the third prong of Younger, the Court finds no reason that Plaintiff cannot pursue his constitutional claims in state court. Thus, Younger abstention is applicable here. In applying Younger, the Ninth Circuit has held that Younger abstention is only appropriate where the federal court action would have the same practical effect on the state proceeding as a formal injunction. Gilbertson v. Albright, 381 F.3d 965, 977–78 (9th Cir. 2004). Here, any injunctive relief provided by this court, including granting a stay, would have the practical effect of enjoining the state court proceedings.

Finally, although Younger abstention does not apply in cases where extraordinary circumstances threaten great, immediate and irreparable injury, see Younger, 401 U.S. at 45–46, 53–54 (irreparable injury shown where statute flagrantly and patently violative of express constitutional prohibitions); Perez v. Ledesma, 401 U.S. 82, 85 (1971) (federal injunctive relief in pending state prosecutions proper in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid

3

conviction). Plaintiff fails to demonstrate that this is such a case where there is no proven harassment or a showing that the prosecution was undertaken by state officials in bad faith without hope of obtaining a valid conviction. Accordingly, the Court should abstain from interfering with Plaintiff's ongoing state proceedings.

Even if Younger did not apply, it is not likely that Plaintiff could pursue a claim against his court-appointed attorney, who is in a similar position as a public defender. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981); accord Vermont v. Brillon, 556 U.S. 81, 93 (2009). It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County. Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir.) (en banc), cert. denied, 540 U.S. 814 (2003). Because Plaintiff would not be able to pursue a claim against Defendant Siraco, he has no claim against Defendant O'Connell as his supervisor. Under no circumstances is there respondeat superior liability under section 1983. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)

Nor can Plaintiff pursue a claim for damages against Justice Humes. A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to

4

liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. at 356-57 (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)); see also Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice);[1] Sadorski v. Mosley, 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity). Here, Plaintiff is essentially challenging how Justice Humes is handling his appeal, which are clearly actions in his judicial capacity. Accordingly, the claim for damages against him must be DISMISSED for failure to state a claim for relief.

Lastly, to the extent that Plaintiff is attempting to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. Id. Here, Plaintiff is clearly still incarcerated and pursuing an appeal of his state conviction which has not yet concluded. Because his conviction has not been invalidated, this action for damages that calls into question the constitutionality of that conviction is barred by Heck.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586

---

[1] Judicial immunity is not lost by allegations that a judge conspired with one party to rule against another party, even though such conduct would be clearly improper. See Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc).

(9th Cir. 1995).  Accordingly, Plaintiff may seek relief for his underlying conviction by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, but only after he has exhausted his state judicial remedies.  See 28 U.S.C. § 2254(b).  The exhaustion requirement is not satisfied if there is a pending postconviction proceeding in state court.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).  If, for example, an appeal of a state criminal conviction is pending, as in the case at bar, a would-be federal habeas petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.  See id.  Even if the federal constitutional question raised by the petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question.  See id.

## CONCLUSION

For the reasons set forth above, the damage claim against Justice P. J. Humes is dismissed based on judicial immunity.  The claim against him is **DISMISSED** with prejudice.

The remainder of Plaintiff's claims are **DISMISSED** without prejudice based on Younger abstention and as barred by Heck.  Plaintiff's motion for a stay is DENIED as moot.  Dkt. No. 11.

This order terminates Docket No. 11.

**IT IS SO ORDERED.**

Dated:      August 18, 2023

EDWARD J. DAVILA
United States District Judge